**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **TONI BALIJAGIC,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1689-KC** |
| | § | |
| **TODD BLANCHE et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Toni Balijagic's Petition for a Writ of Habeas Corpus, ECF No. 1. Balijagic is detained at the El Paso Camp East Montana Detention Center in El Paso, Texas. *Id.* ¶ 15. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 94–113; *see id.* at 29.

Balijagic is a citizen of Bosnia-Herzegovina who entered the United States in 1994 as a refugee. *Id.* ¶ 2. He was ordered removed from the country on July 18, 2008. *Id.* ¶ 3. However, he was not removed. *See id.* ¶ 4. Instead, he was released on an Order of Supervision ("OSUP"). *Id.* Balijagic "complied with all check-in requirements and made sure to update his address with [Immigration and Customs Enforcement ("ICE")] every time he moved." *Id.* ¶ 7. Despite this, on June 7, 2026, when appearing for a check-in with ICE, Balijagic was re-detained. *Id.* ¶ 8. He was not provided with any notice of revocation of his OSUP. *Id.* ¶ 14. Balijagic alleges that "[t]here is no significant likelihood that [he] will be granted a Bosnia-Herzegovina travel document in the reasonably foreseeable future because . . . [he] lacks any proof of his Bosnian citizenship." *Id.* ¶ 12. Specifically, he lacks a valid Bosnian passport and birth certificate because "Bosnia-Herzegovina lacks record[s] of his birth due to the war." *Id.* As

for third country removal, according to Balijagic, "no government agent has expressed to [him] that a third-country removal is being attempted, much less expected to be successful." *Id.* ¶ 13.

Prolonged detention of non-citizens under a final order of removal can become unconstitutional when detention exceeds six months. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). But this Court has held that a detainee who is subject to a final order of removal, is then determined to be unremovable and thus released from custody on an OSUP, and is later re-detained without a material change in circumstances, is not limited to a *Zadvydas* claim to challenge their detention. *See Trejo v. Warden of ERO El Paso E. Montana*, --- F.Supp.3d ----, 2025 WL 2992187, at *6–7 (W.D. Tex. Oct. 24, 2025). Once released, such individuals obtain a due process interest in remaining out of custody. *See id.* at *8. Unless the individual committed a crime or violated a term of their OSUP, there must have been some change that gave rise to a significant likelihood of removing the previously unremovable noncitizen to warrant re-detention. *See, e.g., Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *4–8 (W.D. Tex. Nov. 7, 2025).

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Balijagic the relief he seeks. Respondents are ordered to show cause by June 30, 2026.

Balijagic also requests that the Court restrain Respondents from moving him from the State of Texas while his case is pending. Pet. 29. Balijagic's transfer to another facility in another state, however, may allow him to be more feasibly removed from the country. Transportation to a different facility would not divest this Court of jurisdiction over the habeas Petition. *See Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov.

7, 2025). Accordingly, the Court declines to exercise its discretion to prevent transfer at this time.

Separately, the Court's records reflect Balijagic's attorney, Elizabeth Sue Eckholm, is not admitted to practice in the Western District of Texas. To appear in this case, she must therefore file a motion to appear pro hac vice and pay the pro hac vice fee. Therefore, the Court **ORDERS** that Ms. Eckholm must **MOVE** to appear pro hac vice **by no later than June 30, 2026**. **Failure to comply will result in her removal as Balijagic's attorney of record. Any further filings by Ms. Eckholm before she is granted admission pro hac vice will be struck.**

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by **no later than June 30, 2026**, why the application for a writ of habeas corpus should not be granted and specify:

(1) What circumstances have changed that now make Balijagic's imminent removal to Bosnia-Herzegovina or some other country likely,

(2) What concrete steps have been taken to effectuate Balijagic's removal,

(3) What obstacles exist to effectuating Balijagic's removal, such as issuance of travel documents, or identifying a country for removal,

(4) What concrete steps have been taken to address the existing obstacles, and

(5) The anticipated timeline for Balijagic's removal from the United States.

The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through

their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**IT IS FURTHER ORDERED** that if any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**SO ORDERED**.

**SIGNED this 23rd day of June, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE