**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **TONI BALIJAGIC,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1689-KC** |
| | § | |
| **TODD BLANCHE et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case. On June 18, 2026, Toni Balijagic, a national of Bosnia-Herzegovina subject to a final order of removal, filed a Petition for a Writ of Habeas Corpus, ECF No. 1. The Court ordered Respondents to show cause why the Petition should not be granted. Show Cause Order 3, ECF No. 3.

Balijagic is a citizen of Bosnia-Herzegovina who entered the United States in 1994 as a refugee and was granted lawful permanent resident status. Pet. ¶ 2; Resp. 3, ECF No. 6. After multiple criminal convictions, he was ordered removed from the country on July 18, 2008. Pet. ¶ 3; Resp. 3. However, he was not removed. *See* Pet. ¶ 4. Instead, he was released on an Order of Supervision ("OSUP") on February 20, 2009. *Id.*; 3d Resp., ECF No. 16. Balijagic "complied with all check-in requirements and made sure to update his address with [Immigration and Customs Enforcement ("ICE")] every time he moved." Pet. ¶ 7. Despite this, on June 7, 2026, when appearing for a check-in with ICE, Balijagic was re-detained. *Id.* ¶ 8. He was not provided with any notice of revocation of his OSUP. *Id.* ¶ 14. Balijagic alleged that "[t]here is no significant likelihood that [he] will be granted a Bosnia-Herzegovina travel document in the reasonably foreseeable future because . . . [he] lacks any proof of his Bosnian citizenship." *Id.*

¶ 12. Specifically, he lacks a valid Bosnian passport and birth certificate because "Bosnia-Herzegovina lacks record[s] of his birth due to the war." *Id.* As for third country removal, according to Balijagic, "no government agent has expressed to [him] that a third-country removal is being attempted, much less expected to be successful." *Id.* ¶ 13.

Respondents argued that that Balijagic's continued detention is lawful because his removal is "significant[ly] likely in the reasonably foreseeable future." Resp. 3. The Court then ordered Respondents to file a status report detailing whether Respondents have identified a third country for Balijagic's removal and submitted travel documents. July 1, 2026, Order, ECF No. 7. Respondents reported that Balijagic "was being considered for a possible removal mission to Costa Rica pending approval." 2d Resp 1, ECF No. 14; *see also id.* Ex. A ("Trejo Decl.") ¶ 6, ECF No. 14-1. On September 3, the Court ordered Respondents to clarify whether Balijagic's previous period of detention was in immigration or criminal custody. *See* Sep. 3, 2026, Order, ECF No. 15. On September 11, 2026, Respondents informed the Court that Balijagic was previously held for seven months in immigration custody from 2008 to 2009. *See* 3d Resp.

A noncitizen who has been ordered removed may be detained to effectuate his removal only for "a period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.* A growing consensus of district courts have held that the 6-month threshold detention period "is cumulative and that periods of re-detention should be aggregated with the initial period of detention following the final removal order." *See Avdulovic v. Tate*, No. 25-cv-5873, 2025 WL 4640735, at *1 n. 1 (S.D.

Tex. Dec. 22, 2025) (collecting cases); *Garcia-Aleman v. Thompson*, No. 5:26-cv-886-OLG, 2025 WL 3534806, at *4 (W.D. Tex. Nov. 24, 2025), report and recommendation adopted, 2025 WL 3532179 (Dec. 9, 2025). The Court finds these decisions persuasive and follows them, here. *See Le v. Bondi*, --- F. Supp. 3d ----, 2026 WL 1138362, at *3 (S.D. Tex. Apr. 21, 2026) (citing *Advulovic*, 2025 WL 4640735, at *1 n.1).

Balijagic was previously detained in immigration custody from July 18, 2008, to February 20, 2009, which is 217 days, or about seven months, following the entry of his removal order. *See* 3d Resp. Now, he has been detained since June 7, 2026, more than three months. *See* Pet. ¶ 8; Resp. 3. Therefore, Balijagic has been detained longer than the six month presumptively reasonable period set forth in *Zadvydas*, in the aggregate. *See generally* Pet.; 3d Resp. Balijagic has also identified a significant obstacle to Bosnia and Herzegovina's approval of the travel document request. Pet. ¶ 12. Thus, Balijagic has met his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 689–90. Respondents must rebut this showing by either demonstrating that Balijagic's removal is likely in the reasonably foreseeable future or deporting him.

Bosnia and Herzegovina have refused to accept Balijagic for repatriation. 2d Resp. ("Bosnia advised multiple times that Petitioner is not a citizen of Bosnia, therefore advising that no further travel document requests be sent to Bosnia."); Trejo Decl. ¶ 5. Respondents also state that Balijagic is being considered "for a possible removal mission to Costa Rica." 2d Resp.; Trejo Decl. ¶ 6. Respondents have identified no other potential countries and have no anticipated timeline for removal. 2d Resp.; Trejo Decl. ¶ 9.

Nevertheless, the Court affords Respondents a final opportunity to remove Balijagic. Given that Respondents have identified Costa Rica as a potential third country for removal, the Court gives Respondents two weeks to remove him. If Respondents are unable to remove him in two weeks, then they have failed to carry their burden of proving that his removal is significantly likely in the reasonably foreseeable future. *Id.* at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART**. *See id.* The Court **ORDERS** that, **on or before September 29, 2026**, Respondents shall either lawfully **REMOVE** Balijagic from the United States or **RELEASE** Balijagic from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before September 29, 2026**, Respondents shall **FILE** notice informing the Court whether Balijagic has been removed from the country or released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the September 29, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 15th day of September, 2026.**



KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE